UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Shaun M. Cook

    v.                                                                 Civil No. 11-cv-198-JD

Ron White, Superintendent,
Merrimack County Department of
Corrections, et al.


**REPORT AND RECOMMENDATION**

Before the court is Shaun Cook's "Motion for Relief and Court Order Eugent [sic] Relief" (doc. no. 23). The motion seeks an order directing New Hampshire Department of Corrections ("DOC") officials to return Cook, who is serving his New Hampshire sentence in a Massachusetts prison, to a New Hampshire correctional facility. The district judge has referred the motion to the magistrate judge for proposed findings of fact and a recommendation as to its disposition. See Order (doc. no. 24). As explained herein, the court recommends the motion be denied.

**Procedural Background**

Cook filed a complaint in this court (doc. no. 1), asserting a Fourteenth Amendment due process claim, alleging that officials at the Merrimack County Department of Corrections

violated his rights by, with deliberate indifference to a serious risk to Cook's health and safety, placing him in a cell with another inmate while both inmates were on suicide watch. On October 28, 2011, this court issued a Report and Recommendation (doc. no. 21) recommending that the action be dismissed as the complaint failed to state any claim upon which relief might be granted. The District Judge has not yet ruled on the Report and Recommendation.

## Discussion

I. Standard of Review

In considering a motion for preliminary injunctive relief, a district court must consider: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendant less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008) (quotation marks and citations omitted). Preliminary injunctive relief is available to protect the moving party from irreparable harm, so that he may obtain a meaningful resolution of the dispute after full adjudication of the underlying action. See Jean v. Mass.

State Police, 492 F.3d 24, 26-27 (1st Cir. 2007).  "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  New Comm Wireless Servs. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); see also ANSYS, Inc. v. Computational Dynamics N. Am., Ltd., 595 F.3d 75, 78 (1st Cir. 2010) (likelihood of success generally given particularly heavy weight in preliminary injunction decision).

II.  Likelihood of Success on the Merits

As fully explained in the October 28 Report and Recommendation (doc. no. 21), Cook's complaint fails to state any claim upon which relief might be granted.  The allegations in the motion for a preliminary injunction (doc. no. 23) do not address the complaint's deficiencies.  The court therefore finds that Cook has not demonstrated, or adequately asserted an ability to demonstrate, that he is likely to succeed on the merits of the underlying claims in his complaint.  Likelihood of success on the merits is a necessary showing to obtain preliminary injunctive relief.  See New Comm Wireless, 287 F.3d at 9.  As Cook has failed to make this showing, the other

3

preliminary injunction factors become "matters of idle curiosity," and the court need go no further. See id.; Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993).

III. Unpleaded Right of Access to Courts Claim

Cook asserts in the instant motion that, while incarcerated in Massachusetts, he lacks access to sufficient legal resources to allow him to properly litigate the lawsuit pending in this court. Cook was transferred to Massachusetts due to "protective custody" issues at the New Hampshire State Prison. Cook did not seek the transfer and states that he would like to be returned to any New Hampshire correctional facility so that he might have access to adequate legal materials.

Cook's preliminary injunction request was based on an assertion that he is being denied his constitutional right to meaningful access to the courts. Cook has not specifically sought to add to this action that claim, or name any responsible prison official, and the court will not presume to do so for him. If Cook seeks to litigate the alleged denial of access to the courts, he must file a timely motion to amend his instant complaint to add such a claim and name appropriate defendants

thereto, or file a new civil rights action asserting claims not previously addressed by the court.[1]

## Conclusion

The motion for preliminary injunction (doc. no. 23) should be denied, as Cook has not met his burden to demonstrate that he is likely to succeed on the merits of any claim asserted in this action, as stated in the October 28 Report and Recommendation (doc. no. 21).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d

---

[1] A claim asserting a violation of the constitutional right of access to the courts must show: (1) that the available legal resources were inadequate to meet the inmate's legal needs, with respect to certain cases, including civil rights litigation, and (2) that his legal status in such litigation has been harmed by the lack of adequate resources. See Lewis v. Casey, 518 U.S. 343, 351 & 355 (1996). The facts alleged by Cook in the motion for a preliminary injunction (doc. no. 23) fail to state a plausible claim, in that he has failed to show that he has suffered any harm in this litigation attributable to the lack of legal resources available to him in Massachusetts.

554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 21, 2011

cc: Shaun Cook, pro se

LBM:jba